## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 95-40038 |
| | ) | |
| ANTHONY COWAN, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

This matter is before the Court on Defendant, Anthony Cowan's, Motions for Reconsideration Pursuant to Rule 60(b).  For the reasons set forth below, the Petitions [#174 and #175] are DISMISSED.

### Background

Following a jury trial, Cowan was convicted of conspiring to distribute and possess with the intent to distribute cocaine and cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On July 22, 1997, this Court entered the Judgment, sentencing Cowan to 360 months' imprisonment.  He subsequently appealed his sentence to the United States Court of Appeals for the Seventh Circuit, challenging the two-level upward adjustment that he received for perjury pursuant to Sentencing Guideline § 3C1.1.  On August 5, 1998, the Seventh Circuit issued its Order affirming this Court.  *See United States v. Cowan*, 151 F.3d 1034, 1998 WL 516809 (7th Cir. 1998) (unpublished order pursuant to Circuit Rule 53(b)(2)).  The

mandate was issued the same day.  Cowan did not petition the Supreme Court for a writ of certiorari.

On August 6, 1999, Cowan filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  In his Motion, he raised essentially three issues: (1) he was denied the effective assistance of trial counsel; (2) he was denied the effective assistance of appellate counsel; and (3) he was denied a fair trial because of prosecutorial misconduct.  Cowan's Motion was denied in its entirety on December 21, 1999.  He pursued an appeal to the Seventh Circuit Court of Appeals, but his appeal ended when the Court of Appeals declined to issue a certificate of appealability on November 20, 2000.

Cowan then attempted to take a second bite at the apple.  Although he styled his pleading as a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), a preliminary review of the Petition revealed that he was actually attempting to bring a collateral attack on his 1997 conviction and sentence.  Such an attack on his federal sentence and underlying conviction can only be brought pursuant to 28 U.S.C. § 2255.   Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). Accordingly, the Court construed Cowan's pleading as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and dismissed the motion for lack of jurisdiction.

Now, Cowan has filed more pleadings attempting to revisit his 1997 conviction. In the present Motions, he attempts to invoke Rule 60(b) of the Federal Rules of Civil Procedure.  However, Rule 60(b) is a civil remedy and is not an appropriate motion in this case because this is a criminal case, and Cowan is essentially attempting to

- 2 -

have the Court set aside or vacate his sentence.  Despite his ardent protestations to the contrary, the present motions seek to reopen his criminal proceedings to correct purported errors and obtain a different result.  Accordingly, the Court must construe these filings as yet another attempt to bring a successive § 2255 motion.  *See* Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997).

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996) (the "Act"), amended the provisions of 28 U.S.C. § 2255 by adding the following language:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  As amended, § 2244(b)(3)(A) now requires the applicant to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" prior to filing a second or successive application in the district court.

The instant motions are Cowan's third and fourth petitions for habeas corpus pursuant to § 2255 in response to his conviction for conspiracy to possess and distribute a controlled substance.  However, Cowan has again failed to obtain an

- 3 -

order from the Seventh Circuit Court of Appeals authorizing this Court to consider this application.  As the Court previously instructed him, before this Court is able to consider his motions, he must obtain such order from the Seventh Circuit Court of Appeals.

## Conclusion

Accordingly, for the reasons set forth above, the Motions for Reconsideration Pursuant to Rule 60(b), which the Court construes as Petitions for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [#174 and #175] are DISMISSED.  This matter remains terminated.

ENTERED this 21st day of March, 2006.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge